CRAWLEY, Judge,
concurring in the result.
I respectfully concur in the result in this case. The majority indicates that the Batson challenge pertaining to Juror 39 must be *271 upheld “[b]eeause the record before us lacks a portion of the evidence upon which the preemptory strike was based,” 707 So.2d at 269, and relies on Bell v. Lowery, 619 So.2d 1380, 1881 (Ala.1993). Bell is inapplicable to this case. In Bell, the record before the appellate court consisted of only the arguments of counsel on the Batson challenges. Bell, 619 So.2d at 1381. The record did not contain the questioning of the jurors on voir dire. Id. Accordingly, the court held that it would, based on the limited record before it, defer to the trial court’s ruling. Id. at 1382.
According to VanHome’s counsel, he struck Juror 39 because that juror had had difficulty understanding and responding to the questions during a previous voir dire examination. A reason based upon the observation of a juror in another voir dire has been upheld as appropriate. McGlown v. State, 598 So.2d 1027, 1030 (Ala.Crim.App.1992). However, the reason that the trial court’s decision must be upheld in this ease is not because the earlier voir dire is not in the record, but rather because Gennie failed to meet her burden of putting forth evidence that VanHorne’s reason was a sham or pretext. Ex parte Branch, 526 So.2d 609, 624 (Ala.1987). In addition, we can reverse a trial court’s decision on a Batson challenge only if that decision is clearly erroneous. Branch, 526 So.2d at 625. I agree that the trial court’s ruling on Gennie’s Batson challenge is not clearly erroneous.